FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB 10 PM 4:52

LORETTA G. WHYTE
CLERK

# UNITED STATES  DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**LAWRENCE HARRIS**                                            **CIVIL ACTION**

**VERSUS**                                                               **NO. 05-4992**

**MARLIN GUSMAN, ET AL.**                                 **SECTION "T" (1)**

## REPORT AND RECOMMENDATION

Plaintiff, Lawrence Harris, a state pretrial detainee, filed this *pro se* complaint pursuant to

42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman and three unidentified

inmates.  On the complaint form, plaintiff stated that, on March 18, 2005, while he was incarcerated

within the Orleans Parish Prison system, he was approached by three inmates who demanded that

he give them his clothes and shower slippers.  When he refused, one of the inmates punched him,

knocking him unconscious.  However, plaintiff had marked through that statement of his claim and

written: "See Memorandum Annexed."[1]  No such memorandum was attached to the complaint.

Out of an abundance of caution, a <u>Spears</u> hearing was held on February 8, 2006, to allow

plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims.

---

[1] Rec. Doc. 1.

Fee_____
Process_____
X Dktd_____
CtRmDep_____
Doc. No_____

See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[2]  At that hearing, plaintiff was sworn and his testimony was recorded.

At the Spears hearing, plaintiff reiterated the original allegations from the complaint.  He further testified that the incident occurred shortly after he was initially booked into the Orleans Parish Prison system and arrived on his tier from Central Lockup.  He neither knew the inmates who attacked him nor had any prior altercations with them.  He also stated that he had no advance warning of the attack.  In the attack, he was severely beaten and knocked unconscious, and he sustained multiple injuries including a broken jaw, fractured face, and bruised eyes and nose.  He was immediately taken to Charity Hospital for treatment, and his injuries required surgery.

Plaintiff filed this lawsuit in forma pauperis.[3]  An in forma pauperis complaint may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  The Court has broad discretion in determining the frivolous nature of the complaint.  Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993).  In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual

[2] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the pro se applicant. Id.

[3] Rec. Docs. 2 and 3.

contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul

A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).  Thus, a complaint is frivolous "if

it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994);

Booker, 2 F.3d at 115 & n.6.  Broadly reading plaintiff's complaint,[4] the Court finds that plaintiff's

allegations lack any arguable basis in law and should be dismissed as frivolous and for otherwise

failing to state a claim on which relief may be granted.

      As an initial matter, the Court notes that plaintiff apparently suffered severe injuries in the

attack and the Court certainly in no way seeks to minimize that fact.  That such an incident occurred

is unfortunate and deeply troubling.  Nevertheless, for the following reasons, plaintiff's allegations,

considering them as entirely true, afford him no basis for relief in a federal civil rights proceeding.

      The Court is aware that the Due Process Clause of the Fourteenth Amendment imposes on

detention facility officials the duty to protect a pretrial detainee from violence.  That duty has been

deemed to be the same as the duty owed to convicted prisoners under the Eighth Amendment:

"[T]he State owes the same duty under the Due Process Clause and the Eighth Amendment to

provide both pretrial detainees and convicted inmates with basic human needs, including ...

protection from harm, during their confinement."  Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir.

1996) (en banc).  In Hare, the United States Fifth Circuit Court of Appeals held,

> Finding no constitutionally significant distinction between the rights of pretrial
> detainees and convicted inmates to basic human needs, including ... protection from
> violence ..., we conclude that a state jail officer's constitutional liability to pretrial
> detainees for episodic acts or omissions should be measured by a standard of

---

[4] The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30
F.3d 616, 620 (5th Cir. 1994).

> subjective deliberate indifference as enunciated by the Supreme Court in <u>Farmer [v.</u>
> <u>Brennan</u>, 511 U.S. 825 (1994)].

<u>Id</u>. at 643.  The Fifth Circuit has noted that <u>Farmer</u> requires that "[i]n order to act with deliberate

indifference, 'the official must both be aware of the facts from which the inference could be drawn

that a substantial risk of serious harm exists, and he must also draw the inference.'"  <u>Neals v.</u>

<u>Norwood</u>, 59 F.3d 530, 533 (5th Cir. 1995) (quoting <u>Farmer</u>, 511 U.S. at 837).

In the instant case, the only identified defendant is Orleans Parish Criminal Sheriff Marlin

Gusman.  However, there is no basis for holding Sheriff Gusman liable for the alleged attack.  There

is no allegation that there was an obvious, substantial risk to inmate safety in general of which

Gusman was aware and to which he was deliberately indifferent.  Moreover, not even plaintiff

himself, much less Gusman, had advance warning of the particular attack on March 18, 2005.

Accordingly, plaintiff's failure-to-protect claim must fail.  Gusman cannot be said to have been

deliberately indifferent in failing to protect plaintiff from a potential harm of which he was unaware.

<u>Farmer</u>, 511 U.S. at 844.

The Court notes that plaintiff has also named as defendants the three unidentified inmates

involved in the attack.  However, those three individuals cannot be held liable in an action brought

pursuant to 42 U.S.C. § 1983.  "Section 1983 creates a private right of action for redressing

violations of federal law by those acting under color of state law."  <u>Olabisiomotosho v. City of</u>

<u>Houston</u>, 185 F.3d 521, 525 (5th Cir. 1999).  An inmate involved in a prison fight is not a person

acting under color of state law.  <u>See, e.g.</u>, <u>Butler v. Jenkins</u>, 450 F.Supp. 574, 575 (E.D. Tenn. 1978);

<u>see also</u> <u>Goodell v. Anthony</u>, 157 F.Supp.2d 796, 801 (E.D. Mich. 2001) ("Numerous cases have

held that an inmate is not a state actor or a person acting under the color of state law for purposes

of stating a claim under § 1983.")  Accordingly, plaintiff has failed to state a cognizable § 1983 claim against the three unidentified inmates.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ninth day of February, 2006.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**