UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


**LAWRENCE HARRIS**                                              **CIVIL ACTION**

**VERSUS**                                                       **NO. 05-4992**

**MARLIN GUSMAN, ET AL**                                         **SECTION "T" (1)**

Before the Court is a Motion for Reconsideration of a Judgment dismissing plaintiff's complaint as frivolous and for failing to state a claim (Rec. Doc. 12). The matter was taken under submission on April 10, 2006. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

## ORDER AND REASONS

**I. BACKGROUND**

On March 29, 2006, this Court adopted the Report and Recommendation of Magistrate Judge Sally Shushan, dismissing plaintiff's complaint as frivolous and for failing to state a claim. Subsequently, plaintiff filed the instant Motion for Reconsideration, arguing simply that he did, in fact, state a claim upon which relief could be granted.

**II.    LAW AND ANALYSIS OF THE COURT**

Under Rule 59 of the Federal Rules of Civil Procedure, a district court enjoys considerable discretion in granting or denying a motion for reconsideration. See, <u>First Commonwealth Corp. v. Hibernia Nat. Bank of New Orleans</u>, 891 F.Supp. 290 (E.D.La. 1995), amended 896 F.Supp. 634, affirmed 85 F.3d 622.  There are three grounds upon which a Court may grant a Rule 59 motion for reconsideration or to alter or amend the judgment: (1) intervening change in the controlling law has occurred,  (2) evidence not previously available becomes available, or (3) it is necessary to correct clear error of law or prevent manifest injustice.  <u>Database America, Inc. v. Bellsouth Advertising & Pub. Corp.</u>  825 F.Supp. 1216 (D.N.J. 1993);  <u>J. Ray McDermott Eng'g., L.L.C., v. Fugro-McClelland Marine Geosciences, Inc.</u>, 2007 U.S. Dist. LEXIS 19059 (E.D. La. Mar. 16, 2007).  However, reconsideration is an "extraordinary remedy which should be used sparingly and should not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment." <u>Lafargue v. Jefferson Parish</u>, No. 98-3185, 2000 WL 174899, (E.D. L.A. Feb. 11, 2000).

In the instant case, the plaintiff has not established any of the grounds which would entitle him to an amended judgment.  First, the plaintiff has not presented this Court with any change in the controlling law governing this action.  Second, he has not produced any evidence which has become available since trial.  Finally, the plaintiff has not alleged any error of law,  nor any facts, which would indicate that such a Motion for Reconsideration should be granted to prevent manifest injustice. The Court finds that the plaintiffs' motion merely reiterates the arguments previously made, which this Court found unpersuasive on April 10, 2006.

Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration, filed on behalf of the plaintiff, Lawrence Harris, be, and the same is hereby, **DENIED.**

New Orleans, Louisiana, this __18th__ day of June, 2007.

_____
**G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT COURT**